## In re BEACH (two cases).
### Patent Appeal Nos. 3080, 3283.

Court of Customs and Patent Appeals.
May 31, 1934.

See, also, 67 F. (2d) 924.

Edwin B. H. Tower, Jr., of Milwaukee, Wis., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

These are appeals from decisions of the Board of Appeals of the United States Patent Office affirming decisions of the Examiner, rejecting claims of appellant's application, filed August 27, 1928. The appeal in No. 3080 involves claim 15 of said application; the appeal in No. 3283 involves claims 1 to 13, inclusive, and claim 16. In appellant's brief it appears that the claims being urged here in appeal No. 3283 are claims 10, 11, 12, 13, and 16, and that the appeal as to claims 1 to 9, inclusive, is abandoned. The appeal as to said claims 1 to 9, inclusive, will therefore be dismissed.

Separate records were made for these two appeals, and, while the cases involve a single application, separate opinions will be written, since the issues in the appeals are different.

### Appeal No. 3080.

It appears from the record that claim 15, here involved, was copied by appellant, for the purpose of interference, from patent No. 1,739,653, issued to one Sassano on December 17, 1929. Said claim reads as follows:

"15. A machine of the class described, comprising a housing having a transverse partition wall dividing it into a brush chamber and a motor chamber, said wall having an opening therein; a brush mounted in said brush chamber; a motor mounted in said motor chamber; driving connections between said motor and brush passing through said opening; and a second partition wall disposed at an angle to said first wall and extending into said brush chamber, adjacent one end of said brush, said second wall being cut away to conform substantially to the periphery of the brush drum, for preventing foreign matter from passing to said motor chamber through said opening."

As may be gathered in part from the above-quoted claim, appellant's application relates to a machine for polishing floors. Said machine is described in the decision of the Board of Appeals as follows:

"The invention is a floor polishing machine. It comprises a housing having a revolving brush at the front end and driving motor at the rear end. Between the motor

and the brush is mounted a transverse plate which stops short of both sides and forms openings for the passage of driving belts between the motor and the brush. The plate is provided with end plates extending forwardly toward the brush cylinder. One of these plates is cut so that it conforms to a portion of the curved surface of the brush cylinder. In an amendment to the specification applicant states that the end plates or partitions serve to prevent passage of dust through the opening formed at the end of the transverse plate."

Both the Examiner and the Board of Appeals held that appellant did not disclose the structure called for in said claim, copied as aforesaid from the patent to Sassano, and accordingly held that appellant could not make said claim. The basis of this holding involves that element of the claim which reads, " * * * said wall having an opening therein. * * * " Both tribunals of the Patent Office held that the transverse plate or partition in appellant's disclosure does not extend to the side walls of the housing and therefore is not provided with an opening as shown in the patent to Sassano. In this patent the transverse partition wall extends from side to side of the housing, entirely separating the motor chamber from the brush chamber except for an opening through said partition wall which permits the passage of the driving belt by which the motor rotates the brush.

We are clear that the Board of Appeals did not err in holding that appellant's specification does not disclose "a transverse partition wall * * * having an opening therein." There is no opening in the transverse wall of appellant's device.

▓▓ While appellant argues that the function of the Sassano structure is the same as the function of appellant's structure, in so far as the feature in question is concerned, it is well settled that apt limitations in a claim cannot be ignored. Field v. Stow, 49 F.(2d) 1072, 18 C. C. P. A. 1502; Atherton v. Payne, 54 F.(2d) 821, 19 C. C. P. A. 867; In re Bijur, 40 F.(2d) 999, 17 C. C. P. A. 1134; In re Creveling, 61 F.(2d) 862, 20 C. C. P. A. 701; In re Replogle, 70 F.(2d) 375, 21 C. C. P. A. ——. In the case of In re Bijur, supra, we said:

"It may be that appellant has disclosed a starting apparatus corresponding in a general way to that covered by the Chryst patent. The two structures may function in substantially the same manner. However, this court ought not to so construe the involved claims as to disregard expressly defined limitations contained therein. Nor does the general rule, holding that, in cases of this character, the language of the claims shall be given the broadest construction, or interpretation, as the case may be, as it will reasonably permit, warrant a disregard of expressly defined limitations. Slattery v. Larner, 36 F.(2d) 298, 17 C. C. P. A. 725."

The foregoing quotation is applicable to the case at bar, and we hold that said claim 15 was properly rejected by the Patent Office tribunals.

### Appeal No. 3283.

▓▓ As hereinbefore stated, the claims involved on this appeal are claims 10, 11, 12, 13, and 16, the appeal as to claims 1 to 9, inclusive, having been abandoned.

Of the claims on appeal, claim 11 is illustrative and reads as follows:

"11. A floor polishing machine comprising a cylindrical brush rotating on a horizontal axle, a casing supported at its front by said axle on each side of said brush and extending over and covering said brush, an electric motor arranged within said casing behind said brush and carried by removable pintles to enable said motor to pivot relative to said brush, a flexible drive connecting said brush to said motor and arranged within said casing, a spring to act upon said motor to keep said flexible drive tight, a partition arranged between said brush and said motor to provide a compartment to enclose said motor, a removable plate to close the bottom of said compartment and protect said flexible drive, and a handle connected to said casing in a fixed position to support the rear thereof and pivot the same vertically upon said axle."

The claims on appeal were rejected by the Patent Office tribunals upon the following references: Beach, 1,588,157, June 8, 1926; Knecht (Swiss), 102,701, December 17, 1923.

These references are briefly described in the decision of the Board of Appeals as follows:

" * * * The Knecht patent discloses a polishing machine comprising a casing in which a polishing brush and a pivotally mounted motor are arranged in the same manner as in the present application. The casing is open at the top instead of at the bottom of the motor compartment and a swingable lid closed the opening whereby access can be had to the motor. A driving belt extending from the motor to the axle of the brush along one side wall is enclosed in a compartment at one side so that wax cannot lodge on the belt. The casing is mounted on a rear wheel and

two side wheels. The side wheels are arranged on arms pivoted to the casing behind the brush. The arms are swung upwards and held in raised position so that the brush will rest on the floor when the machine is used for polishing. The patent does not specifically state that there is a transverse partition between the brush and the motor but it is evident that such is intended, as the patent makes special mention that the structure prevents access of material to the driving mechanism from the brush.

"The Beach patent discloses a polishing machine of the same type as the one disclosed in the present application. The brush and motor are mounted in a skeleton frame and driving belts are arranged at each side. The belts are maintained taut by means of a spring exerting pressure on the front side of the pivotally mounted motor. A removable plate is arranged on the upper side of the frame to deflect material thrown upwards by the brush. Removable hoods are arranged on the outside over the belts."

The claims were rejected by the Board and the Examiner upon a combination of appellant's patent with the Swiss patent to Knecht; they holding that it would not involve invention to add a tensioning spring to the Knecht structure so as to keep the belts taut in the manner shown by the Beach patent, or in omitting the ground wheels in Knecht, or in employing driving belts at both sides of the casing, arranged in separate compartments so as to be protected from the wax and dust. The Board further said:

" * * * The Knecht patent evidently shows a structure which will accomplish the same function as that of applicant's. The motor and driving belt are evidently enclosed within the casing so that they are protected from dust and wax. It is obviously intended to use a transverse partition between the motor and the brush. The motor is pivoted so that the weight of it will tend to swing the motor away from the brush and kept the belt taut. To add a spring to aid in keeping the belt taut would be suggested by Beach. The swingable lid at the top giving access to the

motor is the full equivalent of the removable plate at the bottom of applicant's casing."

Appellant contends that the Board was in error in holding that the Knecht device contains a casing by which the motor and the belt drive would be protected from dust and wax, and insists that the Knecht disclosure does not support this holding.

However, the Knecht specification states:

"The inner brush head 2 is embraced in the partition wall of the casing 15 by a vacant space X which could hold any flexible medium such as felt for instance which would act as a packing for the space to one side of the partition of the casing 15 protecting from the dust-laden working chamber of the brush in which it joins tightly the neck of the brush head 2 without, however, hindering it in its rotary motion."

We think that this statement, together with the Knecht drawings, clearly supports the conclusion of the Board upon this point.

In our opinion the decision of the Patent Office tribunals would have been simplified had the holding been that, in view of the casing disclosed by Knecht, it would be obvious to one skilled in the art to provide such casing for the device shown in the Beach patent, but we find no error in the holding that, in view of the Beach patent, there would be no invention in modifying the Knecht patent to produce the device here claimed by appellant.

It is true that the Knecht reference is a foreign patent, but a foreign patent may be used in connection with other references to negative patentability of claims. In re Cross, 62 F.(2d) 182, 20 C. C. P. A. 710.

In appeal No. 3080, the decision appealed from is affirmed.

In appeal No. 3283, the appeal is dismissed as to claims 1 to 9, inclusive, and, as to claims 10, 11, 12, 13, and 16, the decision of the Board of Appeals is affirmed.

Affirmed.

HATFIELD, Associate Judge, did not participate.